**Keith D. Karnes**, Oregon State Bar ID #03352
keith@keithkarnes.com
Karnes Law Offices
1860 Hawthorne Ave NE Ste 10
Salem, OR 97301
Telephone (503) 385-8888
Fax (503) 385-8899

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| RICARDO BOJORQUEZ and STEPHANIE BOJORQUEZ, | Case No._____ |
| Plaintiffs | COMPLAINT FOR VIOLATIONS OF RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT; VIOLATIONS OF OREGON UNLAWFUL TRADE PRACTICES ACT; CONVERSION; FRAUD; |
| v. | |
| WELLS FARGO BANK, NA; FIRST AMERICAN TITLE COMPANY OF OREGON; MATT KOON; JEFF HAWS; CATHY HAWS; | JURY REQUESTED |
| Defendant. | |

JURISDICTION

1.  Jurisdiction of this Court for plaintiffs' federal claims arise under 28 U.S.C. § 1331; 18 U.S.C. § 1964; 12 U.S.C. § 2614.   This Court has jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

2.  Venue is proper in this District because the acts and transactions occurred here, plaintiffs

COMPLAINT-1

reside here, and the real property in question is located in this District.

PARTIES

3.  Plaintiffs Ricardo and Stephanie Bojorquez (hereinafter "Plaintiffs") are husband and wife and the parties that have offered to purchase the real estate located at 624 Hornet Drive, N., Keizer, Oregon ("the Property").

4.  Wells Fargo Bank, NA ("Wells Fargo") is a national bank that informed Ricardo Boroquez individually and Plaintiffs collectively that they were pre-approved for a loan to purchase the Property.

5.  First American Title Company of Oregon ("FATCO") is an Oregon company that performs escrow and title services for the purchase and sale of real estate in Oregon.

6.  Matt Koon ("Koon") is the manager of the Salem, Oregon branch of Wells Fargo.   Koon personally oversaw the pre-approval of Plaintiffs to purchase the Property.

7.  Jeff and Cathy Haws are husband and wife and currently reside in or near Rexburg, Idaho. Cathy Haws is the owner of the Property and agreed to sell the Property to Plaintiffs.

FACTUAL ALLEGATIONS

8.  Plaintiffs came to an agreement to purchase the Property from Cathy Haws.

9.  Wells Fargo, acting through Koon, informed Plaintiffs collectively and also approved Ricardo Bojorquez individually for a loan to purchase the Property.

10. Following the agreement to purchase the Property, Defendants Jeff and Cathy Haws moved to Idaho and Plaintiffs and their children move into the Property.

11. On or about July 30. 2012 Plaintiffs deposited $2,000 with FATCO for the purchase of the Property.

12. FATCO issued a receipt for the $2,000 indicating that the money represented "funds for

COMPLAINT-2

closing."

13. On or about July 31, 2012 FATCO wire transferred $700 to US Bank for the benefit of Cathy Haws at the instructions of Wells Fargo, Koon, Jeff Haws and Cathy Haws.

14. Plaintiffs were not notified of the transfer of the $700 transfer, Plaintiffs did not consent to the transfer and no defendant had the right to transfer or receive the $700.

15. On or about July 31, 2012 FATCO at the instruction of Wells Fargo, Koon, Jeff Haws and Cathy Haws, wired $1,300 to HomeStreet Bank for the benefit of Cathy Haws.

16. Plaintiffs were not notified of the transfer of the $1,300 transfer, Plaintiffs did not consent to the transfer and no defendant had the right to transfer or receive the $1,300.

17. On or about August 15, 2012 Plaintiffs deposited an additional payment of $5,000 with FATCO for the purchase of the Property.

18. FATCO issued a receipt for the $5,000 and indicated the money represented "funds for closing."

19. During the time Plaintiffs were present for the $5,000 deposit, FATCO failed to inform Plaintiffs that the $2,000 that was previously deposited had been disbursed.

20. On or about August 16, 2012 FATCO, at the instruction of Wells Fargo, Koon, Jeff Haws and Cathy Haws, wire transferred $5,000 to Zion Bank for the benefit of Todd and Tory Bolatis.   Upon information and belief, the Haws were involved in financial dealings with the Bolatis and the payment was made for the benefit of Jeff and Cathy Haws.

21. Plaintiffs were not notified of the transfer of the $5,000 transfer, Plaintiffs did not consent to the transfer and no defendant had the right to transfer or receive the $5,000.

22. Following the transfers of the Plaintiffs' money, Koon informed Plaintiffs that they were not approved for a loan to purchase the Property.

COMPLAINT-3

23. After Plaintiffs were informed that they were not approved by Wells Fargo for the loan, Jeff and Cathy Haws attempted to coerce Plaintiffs into entering into a lease option to purchase the Property with unfavorable terms.

24. Plaintiffs refused to sign the lease option to purchase.

25. On or about September 28, 2012 Defendants Jeff and Cathy Haws emailed Plaintiffs a document entitled "Oregon Notice to Vacate" in an attempt to evict Plaintiffs from the property.

26. Defendants conduct has caused Plaintiffs damages in the form of the loss of their money, upset, worry, frustration, and other negative emotions.

## TRIAL BY JURY

27. Plaintiffs are entitled to and hereby respectfully demands a trial by jury.   US Const. amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF RACKETEER INFLUENCED
### AND CORRUPT ORGANIZATIONS ACT (RICO)

28. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as thoughtfully stated herein.

29. Wells Fargo and Koon's statements that Plaintiffs were pre-approved for a loan to purchase the property was false.

30. Defendants used interstate telephone and email to agree to wire Plaintiffs' money out of the state of Oregon.

31. Defendants' conduct in requiring Plaintiffs to deposit $7,000, engaging in interstate telephone calls and emails and then wiring the money without Plaintiffs' knowledge or

COMPLAINT-4

consent is wire fraud as defined by 18 U.S.C. § 1343.

32. Defendants' conduct violates 18 U.S.C. § 1962(c).

33. Each defendant aided and abetted the RICO violation of every other defendant.

34. As a result of Defendants'' conduct Plaintiffs are entitled to compensatory damages, treble

   damages, and attorney fees and costs.

COUNT II
VIOLATIONS OF OREGON UNLAWFUL TRADE PRACTICES ACT
(UTPA)

35. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as

   thoughtfully stated herein.

36. Defendant, Wells Fargo's, actions constitute violations of the UTPA, including, but not

   limited to ORS 646.608(b), (e), (g), (j), (k), (q), (s), (t), and (u).

37. Defendant, FATCO's actions constitute violations of the UTPA, including, but not limited

   to ORS 646.608(k), (m), (q), (s), (t), and (u).

38. Due to Defendants' violations Plaintiffs are entitled to recovery compensatory damages,

   punitive damages, and attorney fees.

COUNT III
CONVERSION

39. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as

   thoughtfully stated herein.

40. Defendants' conduct in wiring Plaintiffs money to others without Plaintiffs knowledge or

   consent is conversion.

41. As a result of Defendants' conduct Plaintiffs are entitled to compensatory damages and

   punitive damages.

COMPLAINT-5

COUNT IV
FRAUD

42. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as thoughtfully stated herein.

43. Plaintiffs were ignorant of the fact that Wells Fargo and Koon made a false statement when they stated that Plaintiffs were pre-approved for a loan to purchase the Property.

44. Plaintiffs relied on Wells Fargo and Koon's statement when they deposited the money with FATCO and when they moved into the Property.

45. As a result of Defendants' conduct Plaintiffs are entitled to compensatory damages and punitive damages.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants for:

A. Compensatory Damages;

B. Treble Damages;

C. Punitive Damages;

D. Statutory Damages;

E. Plaintiffs' Attorney Fees and Costs incurred herein;

F. For such other relief that the Court deem proper.

DATED: November 15, 2012

/s/ Keith D. Karnes
Keith D. Karnes
OSB # 03352
(503) 385-8888
Attorney for Plaintiffs

COMPLAINT-6